UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT G. MANFREDI, SR.,

    Plaintiff

vs.

TOWN OF GREENBURGH, LT. VINCENT LoGIUDICE, DESMOND MARTIN AND NORMAN HALL,

    Defendants.

08 CIV. 6770

COMPLAINT

JUDGE ROBINSON

## I. PARTIES

1. Plaintiff Robert G. Manfredi, is a resident of the City of White Plains and of legal age.

2. Defendant Town of Greenburgh is a municipal corporation within this judicial district which may sue and be sued.

3. At all relevant times, defendant Lt. Vincent LoGiudice was a lieutenant with the Town of Greenburgh Police Department.

4. At all relevant times, defendant Desmond Martin served as a sergeant with the Town of Greenburgh Police Department.

5. At all relevant times, defendant Norman Hall served as a police officer with the Town of Greenburgh Police Department.

## II. JURISDICTION

6. As plaintiff contends that defendant violated rights guaranteed by the United States Constitution, this Honorable Court has jurisdiction pursuant to 28 U.S.C. secs. 1331 and 1343 (3) & (4) and 42 U.S.C. secs. 1983 and 1988.

7. As plaintiff timely filed a notice of claim against the Town of Greenburgh, this

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

Honorable Court has ancillary jurisdiction over state law claims pursuant to 28 U.S.C. sec. 1367.

III. **FACTUAL AVERMENTS**

8. On August 12, 2005, plaintiff and a companion were shopping at a supermarket on Route 119 in the Town of Greenburgh.

9. At about 6:20 p.m. that day, an 'animal control officer' purportedly working for the Town of Greenburgh unlawfully prevented plaintiff from leaving the parking lot of said supermarket.

10. This followed plaintiff assuring her that a dog, which had briefly been left in his vehicle, was fine and healthy and the 'animal control officer' viewing said animal more closely and failing to contest that it was in good condition.

11. The animal control officer had no contrary information and no basis to take or order any police action against plaintiff.

12. After being blocked in and disallowed from leaving the parking lot, plaintiff confronted this agent of the Town and demanded to know why he was not being allowed to leave.

13. A short time later, about six police cars of the Town of Greenburgh surrounded plaintiff's vehicle.

14. Defendant Martin, then a sergeant with the Town Police department, approached the driver's side of the vehicle and demanded that plaintiff step out of the car.

15. Plaintiff inquired as to the reason for this direction.

16. Defendant Martin would not respond but instead told plaintiff that if he did not get out of the vehicle, he would "break" his arm.

17. Plaintiff provided his license to the sergeant, but the sergeant again demanded that plaintiff remove himself from his vehicle.

18. During this time period, from his arrival at the car to the issuance of orders requiring plaintiff to leave the vehicle, defendant Martin did not ask plaintiff any questions pertinent to any police investigation.

19. Between two and three minutes after Martin appeared at his vehicle, plaintiff removed himself from the vehicle.

20. Defendant Martin then directed plaintiff to turn around, pushed him against his own vehicle and handcuffed plaintiff, placing him under arrest.

21. At this time, defendant Martin lacked any probable cause or arguable probable cause to initiate such an arrest.

22. Thereafter, Martin used excessive force against the plaintiff, causing him significant pain and injuries.

23. Such excessive force was entirely unprovoked, not required to fulfill any police function and without any legitimate basis recognized by law.

24. After Martin subjected plaintiff to excessive force, plaintiff was driven to the police headquarters in the Town of Greenburgh.

25. There, defendant LoGiudice yanked plaintiff out of the police vehicle, twisting his body and his knee in a manner calculated to cause injury.

26. Defendant Hall was at the scene of plaintiff's arrest.

27. Thereafter, defendant Hall signed three informations charging plaintiff with three criminal offenses, obstructing governmental administration, resisting arrest and criminal

possession of a controlled substance, 7th degree.

28. Since its initiation, the prosecutor dismissed the possession charge and has not re-filed it.

29. To date, the criminal proceedings against plaintiff have continuously been delayed and are otherwise unresolved.

30. The charges brought against plaintiff were brought in bad faith and have been so maintained.

31. No probable cause predicated plaintiff's arrest.

32. Malice has characterized defendants' initiation of the criminal proceedings.

33. By dint of his unlawful arrest, the malicious prosecution against him and the use of excessive force, plaintiff has been substantially injured, both physically, emotionally and financially.

34. After being arrested, plaintiff was kept in a small cage, the "booking area", cuffed to a bench for about three hours.

35. During this period, plaintiff was in plain need of medical attention, as he was bleeding and in pain.

36. Defendants' denial of medical attention and callous disregard of the same is further evidence of the malicious nature of the prosecution in which they thereafter engaged.

37. During these hours, defendant LoGiudice repeatedly asked plaintiff questions which sought information relating to alleged criminal activity; before doing this, this lieutenant never read plaintiff his Miranda rights.

38. Nor prior to this had sergeant Martin or police officer Hall advised plaintiff of any

reason for his arrest or read him his Miranda rights.

39. While plaintiff was in the booking room, defendants Martin and Hall ripped apart plaintiff's car.

40. While plaintiff was in the booking room, handcuffed and attached to a bench, defendant LoGiudice repeatedly chided plaintiff, claiming that he was a drug dealer or a drug user and threatened to ship him to Valhalla where, he suggested, plaintiff detainee would be sexually abused.

41. The defendants had no reasonable or legitimate basis to believe that plaintiff was a drug dealer or a drug user.

42. Defendant' claim that plaintiff possessed tylenol with codeine; this was a total fabrication and plaintiff did not possess any drugs.

43. The conduct by defendants Martin and Hall with respect to plaintiff's vehicle and the false accusation that he possessed a proscribed substance further demonstrate the actual malice which defendants held toward plaintiff.

44. Defendant Town of Greenburgh is responsible for the proper training, supervision and discipline of its police officers.

45. By dint of its failure to properly train, supervise and discipline its police officers, the Town of Greenburgh is responsible for and caused the injuries suffered to the plaintiff.

46. On prior occasions, these same officers have conducted themselves in a manner which compromised and violated the federal civil rights of civilians.

47. However, as the Town of Greenburgh took no sufficient remedial action in those cases, it condoned and encouraged the individual defendants to violate the rights of the plaintiff.

48. To this date, with respect to the incident in question and despite his filing of a notice of claim nearly 30 months ago, the defendant Town of Greenburgh failed to investigate this matter or contact plaintiff to resolve, in any manner, his notice of claim.

## IV. **CAUSES OF ACTION**

49. Plaintiff repeats paras. 1-48 as if fully re-written herein.

50. By falsely arresting plaintiff without probable cause, defendant MARTIN violated plaintiff's right to be free of unlawful search and seizure as protected by the Fourth Amendment to the United States Constitution, as made actionable against him by 42 U.S.C. sec. 1983.

51. By applying excessive force to plaintiff after he was handcuffed and without any legitimate basis or reason, defendant MARTIN violated plaintiff's right, as protected by the Eighth Amendment, to be free of wanton punishment imposed without due process of law, as made actionable by 42 U.S.C. sec. 1983..

52. By applying excessive force to plaintiff after he was handcuffed and without any legitimate basis or reason, defendant LoGiudice violated plaintiff's right, as protected by the Eighth Amendment, to be free of wanton punishment imposed without due process of law as made actionable by 42 U.S.C. sec. 1983.

53. By failing to provide timely and appropriate medical attention to plaintiff, defendants violated his right as guaranteed by the Eighth Amendment, as made actionable as against them pursuant to 42 U.S.C. sec. 1983.

54. By falsely charging plaintiff with three baseless charges, all three defendants, including two superiors, maliciously prosecuted plaintiff in violation of both federal [due process clause of the 14th Amendment and 4th Amendment] and state common law, as made actionable in

this Court by and through 42 U.S.C. sec. 1983 and 28 U.S.C. sec. 1367.

55. By failing to properly train, supervise and discipline its police officers, the Town of Greenburgh violated the due process rights of plaintiff and those similarly-situated to him and caused the injuries which plaintiff suffered at the hands of its agents.

## V. PRAYER FOR RELIEF

WHEREFORE, plaintiff prays that this Honorable Court:

a) accept jurisdiction of this matter;

b) empanel a jury to fairly hear and decide this matter;

c) award to plaintiff and against defendants, jointly and severally, compensatory damages with pre- and post-judgment interest;

d) award to plaintiff and against the three individual defendants punitive damages with pre and post-judgment interest;

e) award plaintiff the reasonable attorneys fees and costs arising from this matter pursuant to 42 U.S.C. sec. 1988 and

f) enter any other order which the interests of justice and/or equity require.

Respectfully submitted,

MICHAEL H. SUSSMAN [3497]

SUSSMAN & WATKINS
PO BOX 1005
GOSHEN, NY 10924
(845)-294-3991

COUNSEL FOR PLAINTIFF